## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAMBRA L. LUCAS,<br>Appellant, | DOCKET NUMBER<br>SF-0845-13-0413-M-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: December 1, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Matthew G. Lucas, Ripon, California, for the appellant.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

This appeal is before the Board on remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which vacated the Board's May 21, 2014 decision and remanded for limited further proceedings. For the reasons set forth below, we REMAND the appeal to the regional office for further adjudication.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION

¶2      In March 2007, the Office of Personnel Management (OPM) approved the appellant's application for disability retirement under the Federal Employees' Retirement System. *Lucas v. Office of Personnel Management*, MSPB Docket No. SF-0845-13-0413-I-1, Initial Appeal File (IAF), Tab 10 at 21. At that time, her application had not yet been fully processed, but OPM began providing interim payments. *Id*. at 21-22.

¶3      In July 2010, OPM notified the appellant that her interim payments had exceeded that which she actually was due by nearly $90,000. *Id*. at 14. OPM attributed the overpayment to the appellant's monthly annuity not being reduced by her health insurance premiums, life insurance premiums, and award of Social Security Administration (SSA) disability benefits. *Id*. at 9-10. The appellant immediately requested reconsideration and waiver of the overpayment. *Id*. at 19-20. More than 2½ years later, OPM issued its reconsideration decision, making a minor adjustment to the overpayment total and acknowledging that the appellant was not at fault, but otherwise affirming its overpayment decision and denying waiver. *Id*. at 6-11.

¶4      The appellant sought Board review of OPM's reconsideration decision. IAF, Tab 1. The administrative judge found that the appellant was overpaid by $89,636, and she was not entitled to a waiver of that overpayment. IAF, Tab 15, Initial Decision at 2-11.

¶5      On petition for review, the Board affirmed the initial decision. *Lucas v. Office of Personnel Management*, MSPB Docket No. SF-0845-13-0413-I-1, Final Order (May 21, 2014). The appellant then appealed the Board's decision to the Federal Circuit. *Lucas v. Office of Personnel Management*, MSPB Docket No. SF-0845-13-0413-L-1, Litigation File, Tab 1.

¶6      The Federal Circuit found that a document submitted for the first time during the petition for review process constituted new and material evidence that

the Board should have considered.[2] *Lucas v. Office of Personnel Management*, 614 F. App'x 491, 495 (Fed. Cir. 2015) (referencing *Lucas v. Office of Personnel Management*, MSPB Docket No. SF-0845-13-0413-I-1, Petition for Review File, Tab 4 at 6). It further found that the new and material evidence could warrant a different outcome in her case. *Id.* Therefore, the court remanded the matter for proceedings "limited to the Board's consideration of whether new and material evidence in the form of [the appellant's] SSA Response Screen document would render recovery unconscionable under the circumstances." *Id.*

¶7　　　On remand, the administrative judge should permit the parties to conduct additional discovery and submit new evidence and argument on the limited issue identified by the Federal Circuit. *See generally Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 22 (2011) (explaining that circumstances that may warrant a finding of unconscionability include, but are not limited to, cases in which: (1) there has been an exceptionally lengthy delay by OPM in adjusting an annuity; (2) OPM failed to respond within a reasonable length of time to an annuitant's inquiries regarding an overpayment; (3) OPM failed to act expeditiously to adjust an annuity in the face of specific notice; or (4) OPM was otherwise grossly negligent in handling the case). If necessary, the administrative judge's decision must specify how much of the overpayment is to be waived. *See generally Fearon v. Office of Personnel Management*, 109 M.S.P.R. 606, ¶ 5 (2008) (observing that if the appellant is without fault and recovery of some portion, but not all, of the overpayment would be against equity and good conscience, a partial waiver is warranted).

---

[2] While initially pending before the administrative judge, OPM submitted evidence that included an SSA Response Screen pertaining to an individual other than the appellant. IAF, Tab 10 at 25 (SSA Response Screen for annuitant D.P.). It appears that the erroneous submission of that document remained unnoticed until the appellant pointed it out in her petition for review of the initial decision. *Lucas v. Office of Personnel Management*, MSPB Docket No. SF-0845-13-0413-I-1, Petition for Review (PFR) File, Tab 1 at 7. Thereafter, when OPM responded to the appellant's petition, it attached an October 2008 SSA Response Screen pertaining to the appellant. PFR File, Tab 4 at 6.

**ORDER**

¶8      For the reasons discussed above, we REMAND this case to the administrative judge for further adjudication in accordance with this order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.